IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL A. GONZALEZ, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT GLUNT, *et al.* | : | NO. 11-4443 |

### REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                               March 16, 2012
CHIEF UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for a Writ of Habeas Corpus filed, *pro se*, pursuant to 28 U.S.C. § 2254.  Miguel A. Gonzalez, Jr. ("Petitioner") is currently serving a 20 to 42 years sentence at the State Correctional Institution located in Houtzdale, Pennsylvania.  Petitioner seeks habeas relief based on claims of ineffective assistance of counsel.  The Honorable Edwin V. Ludwig referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For reasons set forth below, it is recommended that Petitioner's untimely petition be DISMISSED, without an evidentiary hearing.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

The Pennsylvania Superior Court summarized the facts leading to Petitioner's conviction and sentencing as follows:

> In 2001, [Petitioner] was charged with three Criminal Informations with sex-related charges.  The charges resulted from offenses committed by [Petitioner] against two juvenile girls.  [Petitioner] failed to appear at the trials on these charges and accordingly, was tried *in absentia*.  The trial court revoked [Petitioner's] bail and issued a bench warrant for his arrest.

---

[1] The facts set forth herein were gleaned from Petitioner's Habeas Corpus Petition ("Pet."), Petitioner's Habeas Corpus Petition ("Pet."), the Commonwealth's Answer to Petition for Writ of Habeas Corpus ("Answer"), inclusive of all exhibits thereto, the Commonwealth's Memorandum in Support of Commonwealth's Answer to Petition for Writ of Habeas Corpus ("Comm. Mem.") and Petitioner's Traverse.

> [Petitioner] was convicted, at two trials, of three counts each of corruption of minors and indecent assault; and two counts each of criminal attempt (rape, sexual assault), aggravated indecent assault and indecent exposure. On October 1, 2002, after a hearing, the trial court found [Petitioner] to be a sexually violent predator, ordered [Petitioner] to register as a sex offender, and sentenced [Petitioner], *in absentia*, to an aggregate prison term of 12 to 24 years.[2]

*Commonwealth v. Gonzalez*, No. 1092 MDA 2009, slip op. at 2 (Pa. Super. Ct. Sept. 9, 2010) ("Super Ct. Op."); Commonwealth Exhibit ("Comm. Ex.") A185-A189. Petitioner did not file any post-sentence motions. Petitioner eluded U.S. authorities for over five years; however, on August 31, 2007, he was located in the Dominican Republic and extradited to the United States. Answer at 2. After an execution of sentence hearing, held on September 4, 2007, Petitioner began serving his sentence. Answer at 3.

On January 25, 2009, Petitioner filed an untimely petition, *pro se*, under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. *See* Comm. Ex. A107-A115; Answer at 3. On April 28, 2009, Court-appointed PCRA counsel filed a letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) and *Commonwealth v. Turner*, 544 A.2d 727 (Pa. 1988) explaining that Petitioner's claims lacked merit and requesting permission to withdraw. *See* Comm. Ex. A118-A127; Answer at 3. On April 30, 2009, the PCRA court issued a notice of its intent to dismiss the petition without an evidentiary hearing. Comm. Ex. A128. Petitioner filed a motion to proceed, *pro* se, with his PCRA petition. *See* Comm. Ex. A133-A135. On June 8, 2009, the PCRA court dismissed the petition. *See* Comm. Ex. A136. The Pennsylvania Superior Court affirmed the dismissal on September 9, 2010. *See* Comm. Ex. A186. On November 19, 2010, Petitioner filed a motion to compel the production of transcripts and other related documents in the

---

[2] Petitioner was convicted in three criminal cases. He was collectively sentenced to serve 20 to 42 years of incarceration. Answer at 2; *see also* Comm. Ex. A36, A72, A103.

PCRA court. *See* Comm. Ex. A191. On November 30, 2010, the PCRA court denied Petitioner's motion; Petitioner appealed and on November 9, 2011 the Pennsylvania Superior Court affirmed. On April 18, 2011, the Pennsylvania Supreme Court denied *allocatur*. Comm. Ex. A190.

On July 1, 2011[3] Petitioner filed a petition for federal habeas relief under 28 U.S.C. § 2254 in the Middle District of Pennsylvania asserting several claims of ineffective assistance of counsel for federal habeas relief. Pet. at 1-10. Petitioner alleges that: (1) trial counsel was ineffective for failing to (a) timely file a post verdict motion to preserve his appellate rights, (b) vigorously prove his innocence, (c) object to the prosecutor's late amendment of charges filed against him, (d) oppose his classification as a sexual violent predator at sentencing, (e) oppose the length of his sentence and (2) PCRA counsel was ineffective for failing to pursue an appeal. Pet. at 6-10. On July 6, 2011, the case was transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a) and assigned to Judge Ludwig. On July 18, 2011, this matter was referred to the undersigned for a report and recommendation.

The Commonwealth contends that all of Petitioner's claims should be dismissed as untimely. Comm. Mem. at 4-13. This court agrees. Additionally, Petitioner's ineffective assistance of PCRA counsel claim is not cognizable.

## II. DISCUSSION

**A.      Non-Cognizable Claim - PCRA Counsel was Ineffective for Failing to Pursue an Appeal**

---

[3] The Clerk of Court of the Middle District of Pennsylvania docketed Petitioner's habeas petition on July 1, 2011. Petitioner is a *pro se* inmate, so his habeas petition must be deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). However, Petitioner's habeas petition does not indicate the date on which he executed the petition or gave it to prison officials for mailing. Since the court is unable to determine when Petitioner executed his petition or presented it to prison officials for purposes of applying the "prisoner mailbox rule," it will rely upon the July 1, 2011 docketing date as the official filing date of Petitioner's habeas petition.

Ground Two of Petitioner's habeas petition asserts that his PCRA counsel was ineffective for failing to pursue an appeal and filing a letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) and *Commonwealth v. Turner*, 544 A.2d 727 (Pa. 1988) explaining that his claims had no merit and requesting permission to withdraw.  Pet. at 8-9; *see* also Comm. Ex. A118-A127.  A petitioner's claim alleging ineffective assistance of PCRA counsel is barred from federal relief, as provided by 28 U.S.C. § 2254(i).[4]  Habeas relief is only available to challenge violations of the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  Petitioner's non-cognizable claim cannot be considered by this court.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.")  Accordingly, Ground Two must be dismissed.

**B.**     **The AEDPA Period of Limitations**

On April 24, 1996, AEDPA was enacted, imposing a one year period of limitations ("AEDPA year") for filing habeas corpus petitions.  *See* 28 U.S.C. § 2254(d)(1).  The AEDPA year begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] 28 U.S.C. § 2254 (i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under § 2254."

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Third Circuit has held that the starting date for the habeas period of limitations must be determined separately for each cognizable claim contained in the petition. *See Fiedler v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004).

The usual starting date for the habeas period of limitations, as provided by 28 U.S.C. § 2244(d)(1)(A), is the date a conviction becomes final on direct appeal. *See Fiedler*, 379 F.3d at 116. Based on Petitioner's procedural history, his conviction became final on or about October 31, 2002, the date his ability to pursue a direct appeal to the Pennsylvania Superior Court expired. *See Swartz v. Meyers,* 204 F.3d 417, 419 (3d Cir. 2000); *see also* Pa. R. App. P. 903(a) (providing thirty days to file a timely appeal to the Pennsylvania Superior Court). Petitioner does not argue that any of his claims implicate alternative starting dates found in § 2244(d)(1), hence, his habeas period of limitations began to run for all of his claims on October 31, 2002, and Petitioner's AEDPA year expired on October 31, 2003. The present federal habeas petition was filed on July 1, 2011, more than seven (7) years after the expiration of Petitioner's AEDPA deadline. Therefore, the instant petition is untimely and, unless a tolling exception applies, time-barred.

**C.     Statutory Tolling**

If, prior to the expiration of the AEDPA year, Petitioner timely sought collateral review, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). On January 28, 2009, Petitioner filed an untimely PCRA petition. *See* Comm. Ex. A106-A116. This state filing occurred

over a year after Petitioner began serving his sentence and more than six (6) years after Petitioner's AEDPA year had already expired. *See* Comm. Ex. A106-A116; A104. An untimely PCRA petition cannot resurrect a claim through statutory tolling. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005); *Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003). Therefore, unless Petitioner qualifies for equitable tolling, his petition is time-barred.

**D.     Equitable Tolling**

Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair." *Merritt*, 326 F.3d at 168 (internal quotations omitted). The general requirements for equitable tolling are: (1) Petitioner's reasonable diligence in pursuing his claims; and (2) the existence of extraordinary circumstances which have prevented Petitioner from timely asserting his rights. *Holland v. Florida*, ___ U.S. ___, ___, 130 S. Ct. 2549, 2562 (2010); *Merritt*, 326 F.3d at 168. Petitioner bears the burden of proving both requirements. *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008).

Petitioner is not entitled to equitable tolling. He has not demonstrated that any extraordinary circumstances prevented him from asserting his federal rights in a timely manner nor does he directly contend entitlement to equitable tolling. *See* Pet. at 4-10. Moreover, he has not demonstrated that he exercised "reasonable diligence" in investigating and pursuing his federal claims. Petitioner first sought habeas relief more than seven (7) years after his AEDPA year had expired. His dilatory filing was a direct result of his decision to flee from prosecution to avoid trial. Petitioner pursued his federal rights more than four years after he was captured, extradited and began serving his lawful sentence. The record is devoid of factual justification for equitable tolling, inasmuch as Petitioner has not convinced this court that a "rigid application of the statute would be

unfair." *Fahy v. Horn*, 240 F.3d 239, 245 (3d Cir. 2001). Accordingly, equitable tolling is denied and Petitioner's time-barred habeas petition should be dismissed.[5]

### III. CONCLUSION

Petitioner's ineffective assistance of PCRA counsel claim presented in Ground Two of his amended habeas petition, is non-cognizable and his remaining claims are time-barred. Petitioner has not demonstrated that statutory or equitable tolling would render his habeas petition reviewable. Reasonable jurists would not debate the appropriateness of the court's procedural disposition of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

---

[5] Petitioner incorrectly asserts that *Kindler v. Horn*, 642 A.2d 398 (3d Cir. 2011) applies to his case and will allow the court to review the merits of his claims. *Kindler* does not involve the procedural issue of timeliness but rather addresses the Pennsylvania fugitive forfeiture doctrine– a new rule enacted after Kindler's escape from prison and whether, in 1994, the doctrine was firmly established within the meaning of procedural default jurisprudence to prevent review of the merits of Kindler's claims. 642 A.2d at 400-405. The Third Circuit held that the Pennsylvania fugitive forfeiture doctrine was an inadequate basis to bar federal habeas review of Kindler's claims, because the doctrine was a new rule that did not exist when the petitioner escaped from custody and was not firmly established within the meaning of procedural default jurisprudence. *Id*. at 405. Petitioner's case is distinguishable from *Kindler* for several reasons. First, Petitioner's PCRA petition was filed more than six (6) years after the PCRA deadline and dismissed by the Pennsylvania state courts as time-barred based upon 42 Pa.C.S.A. § 9545(b) and not the Pennsylvania fugitive forfeiture doctrine. *See* Comm. Ex. A186-A189. Second, Petitioner was convicted in 2002, well after the Pennsylvania fugitive forfeiture doctrine had been announced. Answer at 2. Thus, *Kindler* does not solve Petitioner's procedural hurdle of untimeliness and the court will not review the merits of Petitioner's claims.

**RECOMMENDATION**

AND NOW, this 16th day of March, 2012, for the reasons contained in the preceding report, it is hereby RECOMMENDED that Petitioner's non-cognizable and time-barred claims be DISMISSED, without an evidentiary hearing. Petitioner has not met the statutory or equitable tolling requirements to overcome AEDPA's one year time bar and entitle him to a decision on the merits. Moreover, Petitioner has not established that any reasonable jurist could find this procedural ruling flawed. Therefore, a certificate of appealability should not be issued.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

 */s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
CHIEF UNITED STATES MAGISTRATE JUDGE